Francisco GARCIA, Petitioner,

v.

UNITED STATES of America,
Respondent.

Nos. 81–325–CR–EPS, 86–1194–CIV–EPS.

United States District Court,
S.D. Florida,
Miami Division.

June 29, 1989.

Alvin Entin, Neal Dupree, Asst. Federal
Public Defender, Miami, Fla., for petition-
er.

Allan J. Sullivan, Asst. U.S. Atty., Miami,
Fla., for respondent.

MEMORANDUM OPINION

ORDER AFFIRMING AND ADOPTING
REPORT AND RECOMMENDATION

SPELLMAN, District Judge.

THIS CAUSE comes before the Court
upon the Petitioner's, FRANCISCO GAR-
CIA, Motion to Vacate, Set Aside or Cor-
rect a Sentence, pursuant to 28 U.S.C.A.
Section 2255.[1] By Order dated December
21, 1988, this Court referred the above-
styled motion to United States Magistrate
Peter R. Palermo for a Report and Recom-
mendation.[2] Magistrate Palermo entered a
Report and Recommendation on May 17,
1989, wherein he recommended that Peti-
tioner's claim based upon ineffective assist-

---

**1.** Petitioner originally filed this motion *pro se.*
However, when this action was set for evidentia-
ry hearing in early 1989, Petitioner retained the
services of Alvin Entin, Esq. for representation
*in these proceedings.*

**2.** By the same order dated December 21, 1988,
Judge Spellman denied portions of Petitioner's
Section 2255 Motion concerning allegations of
failure to hold a *Garcia* hearing. Therefore, the
only issue before the Court under the instant
petition is Petitioner's ineffective assistance of
counsel claim.

ance of counsel be DISMISSED and his Section 2255 Motion be DENIED.

Upon *de novo* review of this matter, it is the opinion of this Court that the Magistrate's Report and Recommendation should be ADOPTED and AFFIRMED.

### Procedural Posture

On July 30, 1981, a five count indictment was returned against Petitioner, Jose Garcia, and Ernesto Dominguez.[3] Before trial, Ernesto Dominguez entered a plea of guilty to Count IV and received a sentence of 8 years as to Count IV with all other counts being dismissed. *See,* DE # 20, (Case No. 81–325–Cr–Spellman). A jury trial on October 14, 1981 resulted in a verdict of guilty against Petitioner as to Counts I, II, III, and IV and a not guilty verdict as to Count V. The jury also returned a verdict of guilty on all counts against Petitioner's brother, Jose Garcia.

The Court sentenced Petitioner to a total sentence of 30 years imprisonment. *See,* DE # 24. The Court sentenced Petitioner's brother, Jose Garcia, to a total sentence of 40 years imprisonment. *See,* DE # 23.

Petitioner's conviction was affirmed by the Eleventh Circuit on February 21, 1984. On August 31, 1984, the trial court denied a Section 2255 Motion filed on October 28, 1982.

Magistrate Peter R. Palermo held an evidentiary hearing on the issues pending in the instant motion, wherein he received testimony from Petitioner, as well as from Petitioner's trial counsel, Seymour Gaer.

▮] The Findings of Fact and Conclusions of Law set forth in the Magistrate's Report and Recommendation are so detailed and complete that this Court sets them forth hereafter verbatim as the Court's Findings of Fact and Conclusions of Law:

### Findings of Fact

### Evidentiary Hearing

Petitioner emphatically insisted that there was an offer to plea to a lesser charge and that Mr. Gaer told him through his brother, of the offer. Petitioner, who does not speak or read English, explained how his brother, a co-defendant acted as an interpreter for Mr. Gaer. Petitioner claims the plea offer was for 15 years and that he expressed his intent to plead guilty to Mr. Gaer. Petitioner also claimed that if the plea offer was like Ernesto Dominguez's, he would accept.

Petitioner further stated that his brother and lawyer, through his brother, told him not to take the plea and that he would be "all right." Petitioner testified that he understood "all right" to mean only a 5 year sentence with the possibility of parole. However when questioned further by the Court, Petitioner admitted that neither his brother nor his lawyer indicated "all right" to mean a 5 year sentence with a possibility of parole. Instead, in Petitioner's own words, such a belief or understanding was the result of Petitioner's own "feeling."

Petitioner next testified that he would never have entered a plea contingent on his testifying against his brother.

Finally, Petitioner stated that the instant petition was prepared with the assistance of jail house lawyers. Petitioner stated on questioning that he read some of the materials and that "portions were showed to him by jail house lawyers."

Mr. Gaer, who represented Petitioner and his brother at trial, testified that he used his brother as an interpreter because Petitioner could not speak English. Mr. Gaer further testified he had no specific recollection of his plea discussions with the prosecuting AUSA in this case. He further conceded that, as is the normal course of criminal practice, negotia-

---

**3.** The indictment charged the Defendants with: conspiracy to steal in excess of $100.00 from the United States Treasury Department (Count I); stealing money from the United States Treasury Department (Count II); robbing money belong- ing to the United States and jeopardizing a secret service agent's life (Count III); possessing counterfeit Federal Reserve Notes (Count IV); and, forcible assault of federal agent by use of a deadly weapon (Count V).

tions obviously occurred. He also stated that if these negotiations occurred, his practice is to convey the plea offer to his clients. The only thing further that Mr. Gaer could recall is that the Government had a "strong case". Mr. Gaer could not recall whether in this case a plea offer was extended by the Government.[4]

## AFFIDAVIT EVIDENCE

Petitioner submitted for examination the affidavit of Jose Garcia, Petitioner's brother and co-defendant. *See,* Appendix A. In that Affidavit, Jose Garcia attests that he acted as a spanish language interpreter for his brother for the purpose of communications with their attorney on the premises of MCC, Miami. Jose Garcia further attests that his brother expressed his desire to enter a plea of guilty but that Mr. Gaer "advised" against it because of the possible negative effect it might have on Petitioner's brother at trial.

The Government has submitted the Affidavit of Sari Marmur, the AUSA who prosecuted this case for the Government.[5] *See,* Appendix B. Ms. Marmur states that plea negotiations extended only to Ernesto Dominguez, the third defendant; and those plea negotiations merely concerned Mr. Dominguez's plea to Count IV (possession of counterfeit currency). Ms. Marmur further indicates her insistence at trial that if either Jose or Francisco Garcia pled guilty it would be to Count III, which carried a 25 year prison sentence. Ms. Marmur claims that this distinction in pleas was due in part to the level of Mr. Dominguez's culpability, his cooperation with the government, and the fact that the two Garcia brothers were more directly involved in the armed threat and robbery of the federal agent, which is the essence of Count III. Ms. Marmur further states

that she was not privy to the communications of Mr. Gaer and his client and had no knowledge of what discussions took place between them.

## ANALYSIS [6]

This Court begins by again noting the presently pending and somewhat limited issue of ineffective assistance of counsel during plea negotiations.[7] Petitioner in essence argues that his trial counsel impeded his attempts to enter a guilty plea in turn for a sentence of 15 years.

The Supreme Court has established a two prong test for evaluating constitutional claims for ineffective assistance of counsel. *See, Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1983). However, the Supreme Court in order to prevent a flood of intrusive post-trial inquiries into an attorney's effectiveness has attached a strong presumption of effective assistance to a counsel's performance. *Id.* at 466 U.S. at 689–690, 104 S.Ct. at 2065–2066.

 Notwithstanding this presumption, a reviewing court must determine under the first prong whether counsel's performance was so deficient that he was not functioning as the "counsel" guaranteed by the Sixth Amendment. *See, Gates v. Zant,* 863 F.2d 1492, 1497 (11th Cir.1989). Therefore, the Petitioner must at a bare minimum identify the specific acts or omissions he alleges were not the result of reasonable professional judgement. *Id.* In the instant case, Petitioner has provided such an identification. By claiming his counsel refused or impeded his attempts to plead guilty to a 15 year sentence, Petitioner has presented his claim in Sixth Amendment terms.

 Now, it is left to review before this court the reasonableness of his at-

---

4. Mr. Gaer did state that if a plea offer was made it would he guessed be in the 15 year range.

5. The government submitted Ms. Marmur's testimony via affidavit due to Ms. Marmur's being out of the state and her recovery from a difficult but successful pregnancy.

6. The undersigned [Magistrate Peter R. Palermo] ordered that April 26, 1989 be set as the final date for the submission of evidence on the instant motion.

7. *See,* Note 2.

torney's conduct in light of the existing circumstances, keeping in mind that this court will not second guess an attorney's strategic decisions. *Williams v. Kemp*, 846 F.2d 1276, 1280 (11th Cir.1988). This review necessarily involves inquiry of mixed questions of law and fact. *Strickland, supra* 466 U.S. at 698, 104 S.Ct. at 2070.

■ On review of the evidence, it appears that at no time was there an offer of the government which would give Petitioner a sentence of 15 years. In fact, AUSA Marmur claimed that any plea offer to Petitioner would be under Count III, which carried a maximum sentence of 25 years. AUSA Marmur also explained the distinction in the plea offers to Ernesto Dominguez and Petitioner. This explanation seriously refutes Petitioner's assertion that if his plea offer was like Ernesto Dominguez's he would have pled guilty. Quite frankly, there was no offer available to Petitioner which could approach the one extended to Mr. Dominguez. As AUSA Marmur specifically explained the two defendant's culpabilities were different. Furthermore, Mr. Dominguez was given a better plea offer due to his cooperation with the Government. Petitioner, on the other hand, has insisted to this day that he would not enter a plea agreement that entailed his testifying against his brother. As for Petitioner's "feeling" or his understanding of the phrase "all right", this court can not place great weight on those subjective perceptions especially when they are not corroborated by objective evidence.

Turning next to the propriety of Mr. Gaer's action during potential plea negotiations, the Court again finds no constitutional error. Petitioner's brother in affidavit testified that Mr. Gaer "advised" Petitioner against entering a plea. Petitioner's own testimony indicated that Gaer advised him not to plea and that he would be all right. Absent from this record is any evidence of coercion or refusal by Mr. Gaer to allow a plea agreement. In fact, all indications are that Petitioner received competent ad-

vice. Any such advice falls squarely within the realm of reasonably competent counsel. *See, e.g., Foster v. Dugger,* 823 F.2d 402, 407 n. 16 (11th Cir.1987).

Therefore, after full review of the evidence and understanding of the law, the undersigned concludes that in light of the then existing circumstances Petitioner has not overcome the strong presumption of the effective assistance of counsel which attaches to Mr. Gaer. Inasmuch as Mr. Gaer's performance is not viewed as constitutionally deficient, Petitioner has failed to establish the first prong of *Strickland.* As such the Court's analysis is completed and a review of possible prejudice is unwarranted. *See, Gates, supra* at 1496, n. 1.

Accordingly, it is hereby

ORDERED AND ADJUDGED that Petitioner's claim based upon ineffective assistance of counsel is DISMISSED and his Section 2255 Motion is DENIED.

DONE AND ORDERED.